Our next case is Little Giant Ladder Systems, LLC v Tricam Industries, Inc., 24-2115. Counselor Miller, you have reserved three minutes of your time for rebuttal, correct? Correct. Thank you, Your Honor. May it please the court. The district court erroneously construed the term cavity by imposing an unreasonably narrow construction for cavity. First, the district court acknowledged that the plain meaning of cavity is a hollowed-out space in a mass, period. The district court looked at the examiner's explanation of cavity in the notice of allowance, but then selectively relied on just part of the examiner's explanation of cavity and disregarded the context and caveats of the examiner. Wasn't this the construction you asked for? It claims construction. Your Honor, no. I think appellees argue, pages 9 and 44 of their brief, they make allusion to us proposing the construction that the court adopted. But you can't look at the fact that our construction had the language, doesn't pass all the way through, and then say that the court adopted our construction. You have to read the context of our argument. And at every stage during claim construction, we explained our understanding of doesn't go all the way through is doesn't go all the way through in enough directions that it can perform the function of a cavity. I don't think that was in your initial claims construction brief. It was. In fact, appendix 266 to 267, our opening claim construction brief, we argued to construe the entire phrase, not just the word cavity, altogether. And we argued that the examiner had the caveat of it doesn't pass all the way through such that it can cover or hide the first or the bracket. Then we argued, based on this intrinsic record, a posita would understand that as long as the cavity does not pass all the way through the handle in enough directions that it can hide or cover more than the bracket. But just to clarify here, my understanding is that your position below from Markman to summary judgment was you had a specific understanding of cavity being a hollowed out space, does not pass all the way through. That was the formal articulation of it. But then you're arguing for your preferred understanding of does not pass all the way through. Is that fair? Your Honor, I think that's fair. Okay. Because when we say doesn't pass all the way through, for example, let's take figure 13A. Let's take the handle in the preferred embodiment. Right. But just so I can set the table here a little more. So then, therefore, in your view, what our task, what this court's task is, is to try to understand what is the best understanding of does not pass all the way through. I think this court's task is first, it's de novo review on what the proper construction of cavity is. Now, that is not limited to, as this court's precedents have said, this court is not bound by either party's proposal. So this court could adopt the plain and ordinary meaning, which the district court would not. Things are not quite that freeform. I mean, if you all along had urged for a construction of cavity that included the phrase does not pass all the way through, and then again, in your blue brief to us, you underscore your preferred understanding of does not pass all the way through. It seems like by the time you bring up in the gray brief, an invitation for this court to just completely drop does not pass all the way through, it feels doubly waived. It wasn't brought up in your blue brief. It was never brought up in front of the district court. It just doesn't seem like a good way to run a railroad where you can argue one thing to the district court the whole time. The district court adopts it. And then in your gray brief on the appeal level, you do a hard right turn and go in a completely different direction away from everything you argued before. You are right that claim construction is de novo, but it doesn't mean it's so freeform as to not have any kinds of rules in place and how people should present their arguments. Your Honor, I agree that the plain and ordinary meaning proposal in the gray brief is one that we proposed as an alternative that the court in its discretion could adopt on a de novo review. However, I also disagree that the court adopted the construction as we were arguing it from the beginning. Well, the formal construction was hollowed out space does not pass all the way through. And then perhaps you had some argument about what does not pass all the way through mean. But nevertheless, the court adopted the hollowed out space does not pass all the way through. It just didn't agree with your ultimate preferred understanding that it does not pass all the way through. In other words, the construction of the construction, and that's a different question. Well, what the court did in the claim construction order was there were two holdings, and two holdings that led us and our expert to believe that the court was using the phrase doesn't pass all the way through, but not in the absolute way that the further elaborated on in summary judgment. For example, in the claim construction order, the court said the cavity, as the examiner stated, doesn't pass all the way through. But the court also stated that the lever style handle depicted in figure 13A has a hollowed out space in its mass that does not pass all the way through. So we look at the lever style handle in the embodiment that the court cites as an example of its construction. And the cavity defined by that handle does pass all the way through in some directions, but not in others. But the judge also in that same paragraph rejected the idea that a tunnel would be a cavity. And so therefore, I think the fact that your expert then came forward with notions of taco and tunnels is the problem. Well, I think what it was was there was a disagreement on what the scope of doesn't pass all the way through really means. Because if you look at the handle, for example, in the patent, and you ask somebody the question, does this cavity pass all the way through? The answer could be both yes and no. It doesn't pass all the way through in these it does here. The statement about tunnels in the claim construction order was not a clear holding that cavity excludes tunnels. The court did say one might more naturally describe it with tunnel. But the court didn't say you cannot describe that type of a hollowed out space with the word cavity. And so when the court got to summary judgment, the court went to the preferred embodiment in the patent to explain how the construction applies, but then imported more limitations from the figures that were never part of claim construction. I actually think what the court was doing was looking exactly at the language of claim one. Because claim one describes the handle in relationship to the rail. And that's what figure 13a shows. But that's what the claim says, is that we've got the first component, the handle, is in the first rotational position that's flush against the rail. And in that position, which is 13a, there is no passing through. And as the appellee argues in the red brief, you're defining the handle as a free only time we're looking at cavity. Well, I disagree that what the court described with regard to 13a, it comes from the claim language. The claim language doesn't say that the rail defines the cavity or that the rail is part of the boundaries of the cavity. It says when the handle is in that position, then it says the bracket is inside a cavity defined by the handle, by the first component. So only the first component defines the cavity. And so when you want to see if the cavity goes all the way through, you look at the structure from which the cavity is hollowed out. You don't look at bounding it by independent structures and then calling that enclosed space the cavity. The phrase came from the examiner clearly in his notice of allowance. The phrase does not pass all the way through. And in there, he said, as shown by the drawings in the instant invention. So I think you would then look at figures 13a and 13b, as we were just hearing from Judge Freeman. And then when you look at 13a and 13b, what you see is a situation where the cavity, the first component is in a first rotational position and a second rotational position. And each of those two rotational positions, one end of the bracket is exposed because the cavity is not a true perfect dome where all the sides are the same height. Whenever the bracket is exposed on one end, the cavity closes up and covers the other end. And I think in the context of, as shown by the drawings of the instant invention, that reference by the examiner, he or she is talking about the reference of what is going on with that cavity in terms of what is it exposing in either of the two rotational positions. Well, I believe that when the, I think bringing in every aspect of figure 13a into the claim simply because the examiner says as shown would be wrong. What the examiner said was as shown in the figures, such that it can hide or cover more than a majority of the bracket, that's it. That's what the examiner meant. That's what the examiner said. So to also say the examiner also meant that the cavity must enclose and surround the bracket the way the district court said in the summary judgment decision. And for it to also say the examiner meant it can't pass all the way through in one direction. It just says it must not pass all the way through such that it can hide or cover more than a majority of the bracket. That's it. And to read more into the claim from the figures based on an examiner's statement in the notice of allowance, which even the district court said was unclear and inconsistent, is going a step too far and is unduly narrowing the claim term. We're already narrowing from the plain meaning to it doesn't pass all the way through. But to say that it doesn't pass all the way through in any direction, absolutely, the way the district court did, excludes that embodiment when the claim language says the cavity is defined by the first component. And so when you're looking at whether it passes all the way through, the plain meaning of cavity is a hollowed out space in a mass. Does it pass all the way through the mass from which it's hollowed out? And it's got to be defined by the first component. So that's where the court went wrong and the court faulted the expert for not following the further explanations in the summary judgment order of surrounding and enclosing that were not present in the claim construction order at the time of expert reports. So for that reason, we would ask the court to reverse the claim construction and vacate the summary judgment decision and vacate the decision excluding the expert report. Thank you. Thank you, Mr. Miller. Counselor Chadwick. Thank you, Your Honor. May it please the court. The district court got the claim construction right here. There's no basis to justify reversal or vacating the judgment and this court should affirm. I want to address the issue right out of the chute about the notion that the district court rejected Little Giant's claim construction. The record shows just the opposite. And the court put together a chart at pages 73 to 74 of the appendix, which is the claim construction order. And Judge Menendez put the larger phrase that the claim limitation was in and then Little Giant's construction right next to it. And she noted, and you can tell just by having a look at it, that a number of the words in the larger phrase were just repeated. Now in reply, Little Giant says, hey, we asked to have the entire phrase construed, not just cavity, not disposed within. It didn't appeal that here before this court, so it's waived. But it really doesn't matter anyway if you look at it on the merits. We look at what the district court did and what Little Giant asked for. If we unpack the chart and you look at the words from the claim limitation that were repeated, they do a nice job of separating substantial amount, disposed within, and cavity. And so it's easy to discern what Little Giant was asking for each of those constructions. And then on the very next page of the appendix, the district court laid out exactly what those constructions were. And for cavity, the district court said Little Giant would interpret cavity to mean hollowed out space not passing all the way through. If you look at page 270 of the appendix, which is the first claim construction brief from Little Giant, that is exactly what they asked for in bold. Now they might have arguments elsewhere about enough directions. They had a lot of construction they asked for. And if you look at the claim construction brief, they always bolded what they wanted the claim construction to be. So for them to argue now that the district court didn't give them exactly what they wanted, it's just not supported by the record. And prior to the claim construction order, they never backed away from, as you said Judge Chen, this notion of not passing all the way through. They asked for that. The district court didn't reject their construction, it adopted it. And because of that, Little Giant is stopped on appeal from arguing otherwise. That comes right out of the key pharmaceuticals and nuance cases from this court. So what's Little Giant left with? They really only have one argument. And what they say is, well, there's some language in the district court's order that says Little Giant was trying to get a second or third bite of the claim construction apple because of unsuccessful efforts. And they say, see, there's the evidence we didn't get our construction. That's at page 40 of the appendix, by the way. If you go back just a couple pages, pages 35 to 36, the district court actually explains what she was saying. And what she says is that the construction that was adopted was the construction, quote, previously advocated by Little Giant. And then she says, what is happening now is that Little Giant finds that construction less than supportive of its infringement position. So for whatever reason, they asked for the construction, they got it, turned out they didn't like it, and they came back to the court and said, you didn't give us what we wanted. But that's just not the case. There's no basis to conclude construction of cavity by Little Giant was rejected by the court. They got what they asked for. They're should affirm the court's claim construction. If we conclude that all along they did argue over the meaning of the construction that they asked for, and so therefore it's still appropriate for them to pursue that argument here on appeal, what is the correct meaning of not passing all the way through? Then we have to answer that question. Well, I guess what I would say is, I'm not sure that they always argued that that was their understanding of it. They made arguments, and then they said, we want this. And they got this. And I think if you then look at the court's application of the claim construction at summary judgment. I'm sorry. The point of my question was to invite you to start talking about why is it that the district court's rejection of their understanding of not passing all the way through is correct? Oh, I'm sorry, Your Honor. Well, first of all, I don't think it's, I don't understand their construction to begin with. This notion not passing through in enough directions, I don't know what a jury does with that when they get it. I don't think it's a particular, it doesn't elucidate what the term means. And if we look at figure 13a, to me it's binary. It either passes through or it doesn't. And the court said as much in the claim construction order when she brought up this notion of tunnels and openings. And she said, if it passes through, it's not a cavity. Now, one might ask, where did this language come from in opening and tunnel? We didn't argue that. But if you look at the very limitation that we're talking about here, the notion of an opening is right in that claim limitation. And it talks about the lock mechanism and a pin that goes through the rails to secure the rails together. And that's called an opening. And it passes all the way through and a pin goes through it. There has to be something different than a cavity. And a cavity, as Judge Freeman, you noted, with regard to figure 13, that is the context of the claim. It says when it's in the first position or the locked position, then we look at it. And there is encapsulation on all three sides. That's not reading something into the claim limitation. That's just the context of what the specification discloses. And Judge Chen, I believe it was you who said, asked Mr. Miller, the commentary of the examiner during prosecution, he said that the construction is based on the disclosure of the specification and the figures in the patent. And figure 13 is the patent. And it does show a cavity that doesn't pass all the way through. If you come up from underneath the handle, you'll hit the top of the handle. It doesn't pass all the way through. And then this notion about, and we brought this up in our brief, although Little Giant didn't really address it much, they keep trying to conflate the issues between disposed within and cavity. And every time they talk about hiding or concealing or concealing enough of, that's disposed within. That was the construction that they offered the court on disposed within. And they kept trying to backdoor it into cavity, but it really doesn't have any place in the construction of cavity at all. But Mr. Miller points out that in Claim 1, the language actually could be read to understand that it is within a cavity defined by the first component. And he argues it's defined by the handle, not defined by the handle in relationship to the rail. So I'd like to hear your response to that argument. Right. And I agree that's what the claim language says. And when you come up, as I said a moment ago, if you come up from beneath the handle, and I think the district court said this in her summary judgment order, that you will hit the underside of the handle. So in fact, the handle itself does define a hollowed out space that doesn't pass through. And the only way that Little Giant can articulate otherwise is to start drawing imaginary lines in a floating handle that has nothing to do with the specification file history. They never made arguments like this during prosecution. This is something they came up with after the fact. Was there any disclaimer or lexicography issues? No, Your Honor. And we didn't argue that. What we argued was they asked for this at the district court. So this isn't a lexicography or disclaimer case. In a way, it is, because everyone is embracing what the examiner said in the notice of allowance. And so in that way, it comes from the prosecution history, this not passing all the way through. It doesn't come from the claim language itself, per se, nor is anyone pointing to something in the specification, per se. It's something that comes from the prosecution. It's prosecution history statement. I agree with you in this. Then it starts to sound like disclaimer. Well, I agree with you in this regard, Judge. Or at least to put it differently, an agreed upon by the parties disclaimer. Fair enough. I don't know what that means from a legal context, but typically in a lexicography or disclaimer case, the focus is on what did the applicant say during prosecution, not what did the examiner say. And in fact, this court has scads of cases where they say you cannot use what the PTO said against the examiner. And even if the examiner is silent, that's not acquiescence to what the examiner said. So I disagree with you that it is a disclaimer case at all. I think they affirmed in the district court litigation the construction they wanted. If they didn't want to have the parenthetical of the construction, they shouldn't have asked for it. They did. Turns out they didn't like what they got out of it, and here we are, and they're arguing something different. I have nothing else unless you have more questions. Thank you.  A few points. First of all, when it comes to whether we consistently argued this directional context, we did. I read in our opening claim construction brief this last time, we made the exact same arguments in our reply claim construction brief appendix 1417 to 1419 about in enough directions. And then at the Markman hearing, I argued to the district court. I said it's clear the focus is cavity, but if all you do is say not passing all the way through and nothing else, the way the examiner said such that it can hide or cover, I said it will be unclear and we will be arguing the same thing on summary judgment. And then I explained what you have to say is it doesn't pass all the way through in enough directions that it can hide or cover a majority of the bracket. So that was a consistent argument we made. Now, when it comes to whether the rail is properly considered on the not passing all the way through, it's important to consider the history of the amendments around the Grebinoski reference. Because the First Amendment, the claim language says that a substantial portion of the bracket is concealed between the handle and the that time, those claims actually cited the rail as part of the definition of the space for the bracket. But then the claim was changed to say that the bracket is disposed within a cavity defined by the first component. So only the first component defines the cavity, not the rail. This one fundamental problem I have with argument is we're trying to figure out what the examiner meant when the examiner said not passing all the way through. And then he refers to the figures of the application. And your argument for not passing all the way through seems to encompass situations where there can be passing all the way through, which is diametrically opposite of the plain language of the phrase. And so it leaves me, it strikes me as a hard left. I don't believe that's true. My friend here just said if you carve up into that handle upwards, you'll get to the point and then you stop and you don't go all the way through. That doesn't mean that what you carved, for example, a taco, goes all the way through laterally. But the direction you were carving doesn't go all the way through. So the concept of not going all the way through is not inherent in what the examiner said. That's why the caveat of the examiner's language can't be ignored the way the district court disregarded it. You have to just say it doesn't go all the way through such that the examiner said such that it can perform this function of receiving most of the bracket inside of it. That's what it means. What would you say about the disclosure and the specification regarding magnet 226? Um, this is, it's figure 20. Figure 20? Yes. Well, figure 20 is talking about, let me, let me make, let me remind myself what figure 20 looks like. Oh, figure 20 is talking about the, uh, the hinge lock. That is not the lock for the wrist. Is this not a cavity that goes all the way through? Um, yes, but that is not the, uh, the lock that this claim limitation is talking about. This claim limitation is talking about a lock that is disposed on the rails to keep the rails from sliding. This, um, figure 20 is talking about the hinge at the top of the ladder and it has a lock there for rotating the, uh, the rails one way or the other. So that's not an embodiment of this, um, of what the examiner was pointing to when it talked about the first rotational position and the cavity in the notice of allowance. So on that basis, the court should reverse claim construction and include the full context of the examiner statement and the full context of the actual figures and what the handle defines as cavity and remand. Thank you. We thank the party for their arguments. That concludes today's arguments. This court rises in recess.